IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-587-WKW |
| ) | [WO] |
| ) | |
| AUTAUGA COUNTY METRO ) | |
| JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Calvin Flowers ["Flowers"], an inmate, alleges that the defendants slandered his name, lodged false criminal charges against him, allowed other inmates to steal his property and are denying him adequate medical/mental health treatment during his confinement in the Autauga County Metro Jail.

Upon review of the complaint, the court concludes that summary dismissal of the plaintiff's claims against the Autauga County Metro Jail, the allegation of slander and his challenges to the pending criminal charges is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. Claims Against the County Jail

A county jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Autauga County Metro Jail are due to be dismissed. *Id.*

### B. The Slander Claim

Flowers asserts that officer Sprout "slandered my name in the media...." *Plaintiff's Complaint - Court Doc. No. 1* at 2. The law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). Thus, the plaintiff's claim for relief based on such theory of liability is frivolous as it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] The slander claim is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. The Pending Criminal Charges

Flowers complains that officer Sprout "lied on charges he put on me..." arising from an incident which occurred in the jail. *Plaintiff's Complaint* at 2. Flowers advises that these

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

criminal "charges ... are yet to be tried." *Id.*

To the extent Flowers presents claims which challenge criminal charges pending before the state courts, he is entitled to no relief at this time. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, Flowers has an adequate remedy at law because he may pursue any federal constitutional issue through the state court system in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact Flowers will endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of any claim presented by Flowers which attacks the constitutionality of criminal charges pending against him before the state courts and dismissal of these claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Autauga County Metro Jail and his slander claim be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Autauga County Metro Jail be dismissed as a defendant in this cause of action.

3. To the extent Flowers presents claims challenging criminal charges pending against him before the state courts, these claims be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case, with respect to the plaintiff's claims addressing the medical/mental health treatment provided to him and alleging that the defendants allowed inmates to steal his property, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before July 30, 2007** the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 16th day of July, 2007.


                                     /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE